# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WALTER ESSEX, | DOCKET NUMBER |
| Appellant, | DA-1221-15-0205-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: June 11, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Walter Essex</u>, Sherman, Texas, pro se.

<u>Kenneth S. Carroll</u>, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On September 8, 2014, the appellant filed a Board appeal alleging that, in June 2012, the agency improperly failed to select him for one of three vacancies for a position as an Addiction Therapist, failed to consider his status as a "50% service disabled veteran," and the agency's actions constituted discrimination based on his race and violated his rights under the "whistleblower act."  MSPB Docket No. DA-3443-14-0649-I-1, Initial Decision at 2 (Jan. 26, 2015).  On January 23, 2015, the administrative judge docketed this IRA appeal to separately address the appellant's allegation raised in his prior case that his nonselection for the Addiction Therapist position was in retaliation for his whistleblowing or other protected activity.  MSPB Docket No. DA-1221-15-0205-W-1, Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 2.  The administrative judge then issued an order on jurisdiction in which she informed the appellant that, to establish Board jurisdiction over his IRA appeal, he had to demonstrate, among other things, that he had exhausted his whistleblowing claims before the Office of Special Counsel (OSC) and she ordered him to submit proof of his exhaustion within 10 days.

IAF, Tab 3. In response, the appellant submitted several pleadings, none of which addressed whether he exhausted his administrative remedies before OSC. IAF, Tabs 7-10. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to demonstrate that he exhausted his administrative remedies before OSC concerning his June 2012 nonselection. ID.

¶3    The appellant has filed a petition for review in which he asserts that he has exhausted his administrative remedies before OSC but does not describe when or how he brought his disclosure and personnel action to the attention of OSC and does not attach copies of any documents he provided to, or received from, OSC. Petition for Review (PFR) File, Tab 1 at 4, Tab 6 at 3. The agency has filed a response in opposition to the appellant's petition and he has filed a reply. PFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). The appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Mason*, 116 M.S.P.R. 135, ¶ 8. To establish Board jurisdiction, the appellant must prove exhaustion with OSC, not just present nonfrivolous allegations of exhaustion. *Id.*, ¶ 9. To establish that he has exhausted his OSC remedy, the appellant must show what specific claims he presented to OSC by

providing his OSC complaint, any amendments to the complaint, OSC's correspondence discussing the claims, and/or his responses to OSC's correspondence discussing the claims. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010).

¶5  The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Mason*, 116 M.S.P.R. 135, ¶ 8. If an appellant has exhausted his administrative remedies before OSC, he can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that he made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim. *Id.*

¶6  In the instant case, the administrative judge properly found that the appellant failed to prove that he exhausted his administrative remedies before OSC because the record below contains no evidence establishing that the appellant alleged before OSC that his nonselection for the Addiction Therapist position was in reprisal for protected whistleblowing activity. ID. Although the appellant asserts on review that he has exhausted his administrative remedies with OSC, he fails to provide information regarding any aspect of his complaint or any evidence that he indeed filed a complaint, e.g., a copy of the complaint or any response from OSC. Thus, we find that the administrative judge correctly determined that the Board lacks jurisdiction over his appeal because the appellant failed to show that he raised before OSC the same issues claimed in his appeal. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 21 (2007) (the Board may consider only those charges of whistleblowing that the appellant raised before OSC); *see also Schmittling v. Department of the Army*, 92 M.S.P.R. 572, ¶ 26 (2002) (an appellant has not exhausted his remedy when he has not raised before OSC the personnel action that he is appealing to the Board).

¶7    We note, however, that on March 3, 2015, the appellant filed another appeal, currently pending before the Dallas Regional Office, in which he submitted a March 31, 2015 determination letter from OSC regarding his claim of nonselection for the Addiction Therapist position. *See* MSPB Docket No. DA-1221-15-0257-W-1. To the extent that it appears that the appellant may have now exhausted his administrative remedies with OSC, we would ordinarily remand this appeal for a determination on jurisdiction, and, if appropriate, a hearing on the merits. *See, e.g.*, *Hawkins v. Department of Commerce*, 98 M.S.P.R. 107, ¶¶ 7–8 (2004) (remanding an IRA appeal that became ripe while pending on petition for review). However, we find remand unnecessary because the controlling issue in this appeal, whether the appellant has made a nonfriovolous allegation of Board jurisdiction over his IRA appeal, will be determined in the appellant's pending appeal. *See Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990) (finding that the Board may, in the interest of judicial efficiency, dismiss an appeal due to the pendency of another appeal before the Board, so long as the identity of the issues exists and the controlling issues in the dismissed appeal will be determined in the other appeal).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.